CASE 96—ACTION BY ELLA THOMPSON AGAINST H. S.
      THOMPSON AND OTHERS TO CONTEST A WILL.
      —Oct. 13, 1907.

## Thompson v. Thompson

Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

EMMETT FIELD, Judge.

From the judgment plaintiff appeals.—Affirmed

Wills—Probate—Appeal—Under Ky. St. 1909 (Sec. 3947), pro-
    viding that a widow may relinquish what is given by her
    husband's will and thereupon receive her dower and
    distributable share as if no will had been made, &c., a widow
    who has renounced the will and elected to take under the
    law may not appeal from the order probating the will, though
    her husband left real estate in other states.

CHATTERSON & BLITZ for appellant.

### POINTS AND AUTHORITIES.

1. The Statute of Kentucky does not restrict the right of ap-
peal from the probate of a will, but is a general statute, which
is construed to apply to those having an interest. Ky. Statutes,
Section 1404; Pryor v. Mizner, 79 Ky. 232; Phillips v. Phillips'
Adm'r, 81 Ky. 330.

2. The opinion in the case of Mercer v. Smith, 107 Ky. Decis-
ions, page 1196, related to the case which only involved the right
of a widow to lands lying in the State of Kentucky, and so far
as the remedy by renunciation being ample, is shown by the
undenied facts in this case to be erroneous.

3. The undisputed facts in this case show that although the
alleged will was not the last will and testament of Joseph
Thompson, deceased, and although he owned property in many
other states, the widow will have no right to question the validity
of the will under the opinion in the Mercer case, or to recover
her interest in the real estate in other states because of the ex-

istence of this illegal will. Surely such a result was never intended by the statute giving the right of appeal, or the other statute the right of renunciation.

BURNETT & BURNETT and C. B. SEYMOUR attorneys for appellees.

We submit that "the wife has no right to appeal from the order probating her husband's will. If she does not approve of its provisions in her favor, Sec. 1404 Ky. Statutes gives her an ample and exclusive remedy by which she can obtain her legal rights as her husband's widow, by renouncing the provisions in the will in the manner pointed out in the Statute." Mercer v. Smith, 32 Ky. Law Rep. 1005.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is an appeal from a judgment of the Jefferson Circuit Court denying to Ella Thompson, widow of Joseph H. Thompson, the right to prosecute an appeal from the order of the Jefferson County Court admitting his will to probate. He died in 1905, and a few days thereafter a paper, purporting to be his last will and testament, was admitted to probate. Within less than a week thereafter appellant, Ella Thompson, his widow, appeared in the county court and in due form and according to law renounced the provisions made for her in said will and elected to take under the law. Thereafter, in due course of time, there was allotted to her a one-third interest in the real estate of her husband and a one-half interest in his personalty. After the lapse of nearly four years from the death of her husband, she filed in the Jefferson Circuit Court a statement and sought to contest the validity of her husband's will. A demurrer was filed to this statement and sustained, whereupon she filed an amended statement in which she set out at length the facts which she contended warranted

the court in permitting the contest to be prosecuted. These facts, in brief, were that her husband owned real estate in states other than Kentucky, and that under the laws of these several states she was entitled, in the absence of a will, to a larger interest therein than the laws of Kentucky gave her. To this amended statement a demurrer was filed and sustained, and, the plaintiff declining to plead further, her appeal was dismissed.

The sole question before us for determination is the right of a widow to prosecute an appeal from the order of the county court probating her husband's will. For all practical purposes, Joseph H. Thompson died intestate so far as his widow is concerned, and she has received all of the estate from her husband which under the law of this state it is possible for her to receive, and her attempt to prosecute the appeal from the order probating his will is nothing short of a collateral attack thereon, when she by her own statement has shown that she has no actual interest in the result thereof. If she should be permitted to prosecute the appeal and should finally be successful in overthrowing the will, her interest in the estate of her husband could in no wise be increased or enlarged. The only effect it could have would be to defeat certain other bequests in the event those to whom they are made were not so related to the testator as to entitle them to inherit in the abscene of a will.

The will of Joseph H. Thompson could be probated in any other state where real estate owned by him is situated, but, when so probated, it would necessarily show that its provisions had been renounced by the widow, and that, so far as she is concerned, there is no will. All of his personalty is controlled by the

laws of this state, the place of his domicile, whereas, lands owned by him in other states are controlled by the laws of such states, and the question does not arise here as to what effect the renunciation of the will by the widow might have in other states, but, as above indicated, the sole question is: Can a widow of a citizen of Kentucky, who dies in Kentucky, prosecute an appeal from a judgment probating his will, the provisions of which she has renounced? This question has been before this court at least twice, and in each instance she has been denied the right of appeal.

Under our statute of distribution, the widow has been most favored. She is given an exclusive, speedy and expenseless remedy when she is dissatisfied with the provisions made by her husband for her in his will. Under this statute, she has the right at any time within 12 months after the probate thereof to go into the county court where the will has been probated and file a statement to the effect that she does not desire to accept the provision made for her by her husband in his will, but elects rather to take what the law gives her. Upon the filing of such statement she is at once entitled to her distributable share in her husband's estate, both personal and real, as though he had left no will. This statute which thus secures to her this right to renounce the will of her husband is as follows, Sec. 1404 Ky. St.:

"When a widow claims her dowable and distributable share of her husband's estate, she shall be charged with the value of any devise or bequest to her by his will; or she may, though under full age, relinquish what is given her by the will, and thereupon receive her dower and distributable share as if no will had been made; but such relinquishment

must be made within twelve months after the probate, and acknowledged before and left for record with the clerk of the court where probate was made, or acknowledged before a subscribing witness, and proved before and left with the clerk.''

It will be observed that there is no exception in this statute in favor of any widow whose husband may own property in other states; but the statute is applicable alike to all widows and was intended to and does provide for an adequate, safe and speedy remedy in all cases where they are dissatisfied with the provision made for them by their husbands. In construing this section, in the case of Mercer v. Smith, 107 S. W. 1196, 32 Ky. Law Rep. 1003, 1005, this court says:

''The wife has no right to an appeal from the order probating her husband's will. If she does not approve of its provisions in her favor, section 1404, Ky. St. gives her an ample and an exclusive remedy by which she can obtain her legal rights as her husband's widow by renouncing the provisions in the will in the manner pointed out in the statute.''

Again, in the case of Mercer v. Smith's Guardian, 107 S. W. 1197, 32 Ky. Law Rep. 1008, in extending the conclusion reached in the case of Mercer v. Smith, this court, holding that the wife might not collaterally attack the will, said:

''In this case the wife seeks to attack the will collaterally, and also sets up a claim to homestead in the real estate left by her husband. If she had not desired to accept the provisions of her husband's will in her favor, section 1404, Ky. St., gave her the right to renounce its provisions, and claim under the law. This she failed to do for more than two years after the will was probated. She accepted the provisions

of the will in her favor, and enjoyed the whole estate. Having married the second time she, by the terms of the will, lost her property rights in the estate, and after this she had no greater interests in her former husband's estate than if she had been an entire stranger. She has now no right to call in question the validity of the will, the provisions of which she accepted and enjoyed until she concluded to marry again. Having elected to take under the will, she lost all claim to either dower or homestead right.''

And the court cited in support of this conclusion the case of Watson v. Christian, 12 Bush, 524. In each of these cases, in which the court denied to the widow the right of appeal, there had been no renunciation, and the result of the court's finding was to deprive the widow of all interest in her husband's estate because she had married again, and, under the provisions thereof, upon the happening of this event, she surrendered all right to further use and enjoy the property of her husband. In the present case the widow, having elected to renounce the will, has received all of the property from her husband's estate in Kentucky which she could possibly receive if she were permitted to prosecute the appeal and succeeded in overthrowing the will. There is much more reason for the enforcement of the rule in the present case than there was in the case of Mercer v. Smith.

It is not necessary for the purposes of this appeal to, nor do we, decide what interest, if any, the widow of a resident of Kentucky, who has renounced the provisions made in his will for her, would have in his real estate located outside of Kentucky; but simply hold that, having renounced the will and elected to take under the law, she may not prosecute an appeal from the order probating the will of her husband.

The chancellor having so held, the judgment of the lower court is affirmed.