ROBERTSON *v.* ROBERTSON.

Opinion delivered June 21, 1920.

1. WILLS—RIGHT OF WIDOW TO CONTEST AFTER RENUNCIATION.—Under Kirby's Dig., § 2712, giving a widow a right to elect between the will and her right of dower in her husband's lands and personalty, a resident widow who has renounced the will can not contest it, since the widow, by renunciation of the will, would reap the same benefits as to real estate located in this State and personal property wherever situate.

2. WILLS—RIGHT TO CONTEST.—The right to contest a will is not an inherent or constitutional one, and does not exist independently of statute, and no such authority is given the widow of a deceased testator in this State, though the will devised property situated in another State.

3. WILLS—LAWS OF EACH STATE GOVERN WHEN.—The laws of each State govern with reference to the validity of wills of real estate situated therein.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; affirmed.

*C. A. Fuller,* for appellant.

1. A widow can contest the validity of the will of her deceased husband and may appeal from the allowance of said will. 148 Mass. 421; 170 Mass. 93; 29 Pa. St. 498; 11 Am. & Eng. Ann. Cases 1013; Page on Wills, § 325; Kirby's Digest, § 2712.

2. The greater part of the estate of the husband is in North Dakota, and the election of appellant to take her rights under the laws of Arkansas not under the will can not give her any rights in the property in North Dakota. 29 Ark. 418. The election of appellant to take

under the laws of Arkansas rather than under the will is ineffective as to the property in North Dakota, as the laws of that State do not give the widow any right of election, and her only remedy is to contest the validity of the will. Laws of North Dakota 1915, p. 370, chap. 249. Dower is abolished in North Dakota. Revised Code N. Dakota, 1905, § 5188. No right of election is given the widow by the statutes of that State. Rev. Code, 1905, North Dakota, § 5087. The alienation and descent of real estate is governed by the *lex loci rei sitae.* 29 Ark. 418. But under the laws of Arkansas the widow has the right to contest the will in this State. A will executed by a resident of another State may be probated and contested in the State of the domicile of the testator and is conclusive when so probated upon all parties in North Dakota, and when the courts of Arkansas determine the validity of the will of a resident of this State disposing of lands in North Dakota the descent of those lands is governed by the laws of North Dakota. Rev. Code. of N. Dak. 1905, §§ 5097-8, 8037, 5097. 34 Mont. 96; 9 A. & E. Ann. Cas. 414; 23 A. & E. Enc. Law (2 ed.), 143; 56 Vt. 565; 79 Mass. 330; 115 Am. St. 510-18-22; 51 Am. St. 503; Kirby's Dig., § 8051; Acts 1909, 956; 64 Ark. 349. The probate of the will in this State will be conclusive on all parties in North Dakota, and if appellant is denied the right to contest the will in Arkansas all her rights in the North Dakota property will be swept away and she is without any remedy. The court erred in holding that appellant was not entitled to contest the will.

*McGill & McGill* and *Fowler & Green,* for appellees.

1. Appellant did not have the right to take and prosecute, nor the court jurisdiction to hear and determine, the appeal from the probate court, so far as it affects the property in North Dakota. 117 Ark. 142; 77 N. W. 575; 146 N. W. 336; 29 Pac. 298; 17 W. Va. 683; 121 S. W. 641; 89 N. E. 314; 15 Atl. 218. See also 31 Pac. 976; 87 Ark. 206; 75 N. E. 530; 22 *Id.* 599; 32 Atl. 1040; 152 S. W. 340.

So far as the Arkansas real estate and personal property is concerned, appellant had no right to appeal.

2. As to the North Dakota real estate, there was no error when the court held that it had no jurisdiction to adjudge the validity of the will as to such lands. Ann. Cas. 1918 A, p. 933, and note, p. 939; 12 C. J. 963; 38 Ark. 487; 72 N. E. 1058; 87 *Id.* 860; 193 S. W. 283; 93 *Id.* 145; 22 Am. Dec. 41. The lower court had no jurisdiction of the subject-matter. 29 Ark. 418; 47 *Id.* 254; 47 Ark. 254; 1 S. W. 243, is directly in point. See, also, 17 N. W. 289; 17 Ala. 286; 10 Wheat 192; 109 U. S. 608; 1 L. R. A. (N. S.), 996; 34 S. W. 209; 165 U. S. 566; 178 *Id.* 186; 72 Atl. 290; 14 Cyc. 21. The *lex loci rei sitae* governs. 14 Cyc. 21; 147 S. W. 774; 48 Tex. 147; 122 N. W. 843; 100 Pac. 198; 121 S. W. 641; 247 Ill. 243; 93 N. E. 145; 215 U. S. 1. The courts of one State have no jurisdiction to adjudge the validity of a deed or will of lands in another State. 141 U. S. 87; 39 So. 351; 148 S. W. 868; 44 *Id.* 682. Appellant was not entitled to maintain her appeal, and the court did not err in dismissing it.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Benton County dismissing appellant's appeal to that court from a judgment of the Benton County Probate Court admitting the last will and testament of Thomas Robertson, deceased, to probate in common form.

In December, 1916, deceased became a resident and citizen of Sulphur Springs, Arkansas. For more than 25 years prior to that time, he had resided in Griggs County, North Dakota. In December, 1917, he married appellant at Sulphur Springs. He owned an estate of the approximate value of $50,000, about one-half of which was situated in this State and the other half in the State of North Dakota. The estate consisted of both real and personal property. While temporarily at Mound Valley, Kansas, taking medical treatment for cancer, he executed a will in which he bequeathed a small portion of

the property in Arkansas to his wife, appellant herein, and the residue of his estate to appellees, William Robertson, a brother, and Ruby Tower and Mary Cohun, nieces. He died on June 27, 1919, leaving him surviving appellant, who is his widow, and appellees, his collateral heirs. He left no children, father or mother, surviving him. On the 28th day of July, 1919, appellees presented the last will and testament of deceased to the probate court without citation to appellant, which will was admitted to probate in common form. On October 4, 1919, appellant filed her renunciation of the will and her election to take under the law. On the same day, she made herself a party to the probate proceedings and took an appeal to the circuit court, from the judgment admitting the will to probate by filing an affidavit for appeal, in which she set up that the will was induced through undue influence by appellees, and, at the time of the execution thereof, the testator was mentally incapacitated to execute a will. In the circuit court appellees filed a demurrer to appellant's affidavit for appeal and a motion to dismiss the appeal upon the ground that appellant, the widow of the deceased, had no right to contest the will in this State. The circuit court sustained the demurrer and granted the motion to dismiss, and the judgment of dismissal is challenged by this appeal. The question of whether a widow can contest the last will and testament of her deceased husband in this State is settled in the negative by statute. Section 2712 of Kirby's Digest is as follows: "In cases of provision made by will for widows, in lieu of dower, such widow shall have her election to accept the same or be endowed of the lands and personal property of which her husband died seized." Under this section, the widow, by renunciation of the will, would reap the same benefit as to real estate located in this State and personal property wherever situate, as if she successfully contested the will. *Jameson* v. *Jameson,* 117 Ark. 142. Having renounced under the will, she is no longer an interested or

aggrieved party with reference to real estate situated in this State and personal property wherever situate. The construction placed upon this statute is supported by the following authorities: *In re Fallon* (Ia.), 77 N. W. 575; *In re Smith* (Ia.), 146 N. W. 836; *McMasters* v. *Blair,* 29 Pa. St. 298; *McMechen* v. *McMechen,* 17 W. Va. 683; *Thompson* v. *Thompson* (Ky.), 121 S. W. 641.

It is insisted, because lands situated in North Dakota are devised to collateral kindred, which, but for the will, appellant would inherit, that she is an interested or aggrieved party and has a right to contest the will in the State of Arkansas. The right to contest a will is not an inherent or constitutional right. Such a right is purely statutory, and does not exist independently of statutory authority. No such authority is given the widow of a deceased testator in this State. In the statute cited above, no exception was made permitting a widow to contest the will in case it devised property situated in another State. The laws of each State govern with reference to descent, tenure and transfer of real estate situated therein. In reference to real estate, a local statute has no extra-territorial force. It was said in the case of *DeVaughan* v. *Hutchinson,* 165 U. S. 566, that "It is a principle firmly established that to the law of the State in which the land is situated we must look for the rules which govern its descent, alienation and transfer and for the effect and construction of wills and other conveyances." In support of the doctrine thus announced, see *Apperson* v. *Bolton,* 29 Ark. 418; *Williams* v. *Nichols,* 47 Ark. 254; *Varner* v. *Bevil,* 17 Ala. 286; *Van Steenwyck* v. *Washburn* (Wis.), 17 N. W. 289; *Carpenter* v. *Bell* (Tenn.), 34 S. W. 209; *Clarke* v. *Clarke,* 178 U. S. 186; 14 Cyc. 21; *Hines* v. *Hines* (Mo.), 147 S. W. 774. The question therefore of the validity or the invalidity of the will in question, as it affects the North Dakota land, must be governed by the North Dakota law. It is an open question in North Dakota as to whether a foreign will may be contested when presented

for probate in that State. The only remedy, if any available to appellant in relation to real estate situated in North Dakota and devised by the will, must be found in the laws of that State.

No error appearing, the decree is affirmed.