POWELL *v.* HAYES.

Opinion delivered March 19, 1928.

1. WILLS—WHO MAY OFFER FOR PROBATE.—Where the widow of a testator, by taking out letters of administration, in effect refused to offer a written instrument alleged to be a will as such, a devisee named in the will, being an interested party, could offer it for probate.

2. WILLS—INSTRUMENTS ENTITLED TO BE OFFERED FOR PROBATE.— Only written instruments of testamentary character may be offered for probate under the statute.

3.  WILLS—VALIDITY OF INSTRUMENT OFFERED FOR PROBATE.—A written instrument entitled a "death will," under which a testator gave to the devisee certain property, with the balance of his property to his wife and heirs, as the law provides, when construed as a whole, and read in the light of circumstances surrounding testator at the time of making thereof, *held* a valid will, and entitled to be offered for probate by the devisee named when the other parties beneficially interested refused to probate it.

4.  WILLS—MEANING OF TERM "HEIRS."—Where a testator gave the balance of his property to his wife and the heirs, as the law provides, the strict legal meaning of the word "heirs" signifies those on whom the law casts the inheritance of land, but this construction will give way if there be on the face of the instrument sufficient to show that it was to be applied to children.

5.  WILLS—PROVINCE OF PROBATE COURT.—It is no part of the proceeding on probate of a will to construe or interpret its provisions or determine what provisions are valid and what are invalid; the construction and interpretation of the will being questions to be determined by other courts having jurisdiction of the matter.

Appeal from St. Francis Circuit Court; *W. D. Davenport,* Judge; affirmed.

### STATEMENT OF FACTS.

This proceeding was commenced in the probate court by Annie Hayes offering for probate an instrument in writing purporting to be the last will and testament of E. P. Powell, deceased, which reads as follows:

"Death will of 1926 to Miss Annie Hayes as follows: One lot, number 12349 and 10 in section 19, arranged two and three including 82 acres of land of which I will to Miss Annie Hayes at my death for her faithfulness and service as an attendant doing her life. This will is not to be annulled and avoided should Miss Annie Hayes be faithful doing the life of giver, otherwise this will be annulled and avoided to the giver. The balance of my property to my wife and heirs as law provides. Given for consideration of the above mentioned statements under my hand and seal of notary this......................1926.
                                   "E. P. Powell."

Maggie Powell, the widow of E. P. Powell, deceased, had become administratrix of his estate. Maggie Powell,

as administratrix of the estate of E. P. Powell, deceased, and as his widow, and George Powell, Robert Powell, Vernon Powell, Ernest Powell and Roosevelt Powell, children and only heirs at law of the said E. P. Powell, were allowed to contest the probating of said alleged will. The probate court rejected the offer for probate of said instrument in writing as the last will and testament of E. P. Powell, deceased.

Annie Hayes duly appealed to the circuit court. In the circuit court the case was heard upon the instrument of writing in question and the oral evidence of witnesses introduced. Evidence was adduced in favor of the widow and children of said E. P. Powell, which tended to show that the description of the property in the devise to Annie Hayes was too indefinite to be located. On the other hand, evidence was introduced by Annie Hayes tending to show that said property devised to her was a farm upon which she lived at the time the testator made the will in question and at the time he died.

The judgment of the circuit court was that said paper writing should be admitted to probate as the last will and testament of E. P. Powell, deceased. The case is here in appeal.

*Mann & Mann,* for appellant.

*J. M. Prewett, S. S. Hargraves* and *M. B. Norfleet, Jr.,* for appellee.

HART, C. J., (after stating the facts). The instrument of writing in question specifically names Annie Hayes as one of the devisees therein. The record shows that the widow of E. P. Powell, deceased, took out letters of administration upon his estate, and thereby in effect refused to offer the instrument of writing in question as his last will and testament. In such cases the general rule is that a devisee is an interested party, and may offer the will for probate. 40 Cyc. 1229; Page on Wills, 2d ed., vol. 1, § 535; and 28 R. C. L. 360, § 361.

Of course, the instrument in writing offered for probate should be of a testamentary character, because only

wills are entitled to be offered for probate under our statute. This brings us to a consideration of whether the instrument offered for probate is a will.

If it be conceded that the devise to Annie Hayes is too indefinite in description of the property to be capable of enforcement, still we think that, when the instrument is construed as a whole and read in the light of the circumstances surrounding the testator when it was made, it is a will. It will be noted that the testator, after the devise to Annie Hayes, wills the balance of his property to his wife and heirs, as the law provides. This court has held that a will in which the testator provides for all of his children as a class, without expressly naming them, is a sufficient mention of his children within the statute providing that, when any person shall make a will and shall omit to mention the name of a child, he shall be deemed to have died intestate as to such child. *Brown* v. *Nelms,* 86 Ark. 368, 112 S. W. 373.

In the alleged will under consideration in this case the testator gave the balance of his property to his wife and heirs, as the law provides. In its strict legal sense the word "heirs" signifies "those upon whom the law casts the inheritance of real estate." But this construction will give way if there be upon the face of the instrument sufficient to show that it was to be applied to children. *Flint* v. *Wisconsin Trust Co.,* 151 Wis. 231, 138 N. W. 629, Ann. Cas. 1914B, p. 67, and case-note at p. 70; Commentary on Wills, by Alexander, vol. 2, par. 850-852 inclusive; Page on Wills, 2d. ed., vol. 1, p. 1496, § 891; and 28 R. C. L., p. 248, § 216.

The word "heirs" has been held to be susceptible of two interpretations; the one which is technical, and embraces the whole line of heirs; the other, not technical, but common, and is used to denote the heirs who may come under the designation of heirs at a particular time, and it is often used in common speech as synonymous with children. *Turman* v. *White,* 14 B. Mon. (Ky.) 450; and *Feltman* v. *Butts* (Ky.), 8 Bush. 115. The holding of this court is in accordance with this rule. *Robinson* v.

*Bishop,* 23 Ark. 378, and *Galloway* v. *Darby,* 105 Ark. 558, 151 S. W. 1014, 44 L. R. A. (N. S.) 782, Ann. Cas. 1914B, 712.

Looking at the entire will and all the circumstances surrounding the testator, we think the word ''heirs,'' as used in the will, manifestly meant children. The word was not used to denote succession but to describe devisees who were to take under the will. The record shows that the testator had several pieces of real estate, and left surviving him his widow and several children, who state that they are his only heirs at law. He devises the balance of his property, after the devise to Annie Hayes, to his wife and heirs as the law provides. This meant that they should take such part of his estate as they were entitled to under our statutes of descent and distribution, and shows that he did not intend to omit any of his children from his will. Under these circumstances the instrument in writing offered for probate must be considered to be a valid will, and hence was entitled to be offered for probate by a devisee named in the will, when the other parties beneficially interested had failed or refused to probate it.

The question whether or not the attempted devise to Annie Hayes is sufficiently definite in description of the property to be capable of enforcement cannot be considered by us on this appeal, for that would be to construe the will, which, as we have already seen, we can only do in so far as it is necessary to ascertain whether or not the instrument offered for probate is of a testamentary character and might be considered as a will.

In *Cartwright* v. *Cartwright,* 158 Ark. 278, 250 S. W. 11, it was held that whether an offered instrument is testamentary in form or in substance so as to be admitted to probate is a question of law for the court to determine from the face of the instrument. It was also held that the functions of a probate court, when a will is offered for probate, are limited to inquiring into and determining whether the instrument presented as the last will of the decedent was executed in the manner prescribed by stat-

ute and when he was legally competent to execute it, and free from duress, menace, fraud, and undue influence; but questions as to property rights which might arise out of the consideration of the terms of the will are not to be determined in a proceeding for the probate of a will. The court said, if the instrument offered for probate purports to bequeath or devise any property, either in general or in particular terms, to an individual or class of individuals, then it is of a testamentary character, and may be admitted to probate; but that the probate court has no jurisdiction to interpret or construe the will for the purpose of determining its effect upon the distribution of the property of the testator.

This holding is in accordance with the views expressed by the Supreme Court of Oklahoma in construing our statute. *Taylor* v. *Hilton,* 23 Okla. 354, 100 P. 537, 18 Ann. C'as. 385. In that case the court had under consideration § 6521, Mansfield's Digest, which is now § 10525 of Crawford & Moses' Digest, providing that, when the proceeding to probate a will is taken to the circuit court, the court or jury trying the proceeding shall try how much of any testamentary paper produced is or is not the last will of the testator. It is no part of the proceeding on probate to construe or interpret the will or any of its provisions or to determine what provisions are valid and what are invalid. If the instrument offered for probate is a will, it must be admitted to probate, and the construction and interpretation of the various provisions are to be determined by other courts having jurisdiction in the matter.

It follows that the judgment of the circuit court must be affirmed.