LUNSFORD v. HAWKINS.

4-6522                    156 S. W. 2d 235

Opinion delivered December 8, 1941.

248

*C. M. Buck* and *Doyle Henderson,* for appellant.

*Frank C. Douglas* and *Claude F. Cooper,* for appellee.

HUMPHREYS, J. Mrs. Cullie W. Gosnell, a wealthy widow, owned land worth approximately $40,000 and diamonds and other property of considerable value. She was the mother of two living daughters, Mrs. Gypsie O. Hawkins and Mrs. Kathleen O. Thomas. She had an adopted daughter, Mrs. Jane Gosnell Lunsford. She had a grandchild, Kathleen Oglesby Thomas, the daughter of Mrs. Kathleen O. Thomas, and Mrs. Kathleen O. Thomas had an adopted daughter by the name of Beverly Ann Thomas. Mrs. Cullie W. Gosnell resided in Blytheville, Arkansas, and the others mentioned above lived with her until Jane Gosnell, her adopted daughter, married Mr. Lunsford and moved to California.

Mrs. Cullie W. Gosnell died February 2, 1937, and shortly thereafter her two daughters, Mrs. Gypsie O. Hawkins and Mrs. Kathleen O. Thomas, took to the probate judge two papers, one in the handwriting of Mrs. Cullie W. Gosnell, which was unsigned, and the other typewritten and signed, but not properly witnessed. Neither of these papers was admitted to probate because one was not signed and the other, the typewritten one, although signed by her, was not properly witnessed.

Under the belief that their mother had died intestate, the two daughters then secured letters of administration on the estate of Mrs. Cullie W. Gosnell, deceased, thereafter borrowed money from two different parties and they, together with the adopted daughter, Jane Gosnell Lunsford, as the sole surviving heirs of Mrs. Cullie W. Gosnell, executed deeds of trust on certain of the lands to secure these loans. So far as appears the mortgage indebtednesses have never been paid. The record does not reflect whether any other steps were taken in the course of the administration.

On the 7th day of June, 1939, more than two years after the death of Mrs. Cullie W. Gosnell, the two daughters, Gypsie O. Hawkins and Kathleen O. Thomas, filed a petition in the probate court of Mississippi county, Chickasawba district, alleging that their mother, Mrs. Cullie W. Gosnell, died on the 2d day of February, 1937, and at the time was a resident of Blytheville in Mississippi county, Arkansas, and that recently they had found among the papers belonging to their mother a will which was entirely in her handwriting and signed by her, and presented said writing with the petition asking that same be probated as the last will and testament of Cullie W. Gosnell, deceased. The instrument presented for probate with the petition is as follows:

"This is my last will and testament I want all my property to be intailed for 10 years Gipsie to keep home place for Jane a home at end of 10 years to be equally divided between Gipsie Jane Kathlee and Baby Kay and Pettie (Beverly) My diamonds Jane to have first

choice then Gipsie and for Gipsie to take for the other two.

                           "! s !  Cullie W. Gosnell

"Mother of all

"Witness

      "! s ! s  Clyde Robinson."

On the 7th day of June, 1939, Gypsie O. Hawkins and Kathleen O. Thomas filed in said probate court an affidavit signed by Daisy R. Hill, Elizabeth P. Crigger, Edna Vail, Carey Woodburn Pheeney, and M. H. Robinson, which stated that the undersigned were personally acquainted with Cullie W. Gosnell and with her handwriting and signature and that the instrument filed, which is set out above, was wholly in the handwriting of Mrs. Cullie W. Gosnell.

On the 5th day of December, 1940, at the request of all parties concerned, Gypsie O. Hawkins and Kathleen O. Thomas withdrew the petition, the paper attached thereto and presented as the last will and testament of Cullie W. Gosnell, and an order was entered in the probate court withdrawing the same.

On the 30th day of December, 1940, Gypsie O. Hawkins and Kathleen O. Thomas again filed their petition offering said writing for probate as the last will and testament of Cullie W. Gosnell and prayed that Jane Gosnell Lunsford, Kay Thomas and Beverly Thomas be made parties defendant, and that a guardian *ad litem* be appointed to represent Kay Thomas and Beverly Thomas. Claude F. Cooper was appointed guardian *ad litem* to represent said minors.

Claude F. Cooper as guardian *ad litem* of Kay Thomas and Beverly Thomas, minors, filed an answer denying that the instrument presented for probate was wholly in the handwriting of Cullie W. Gosnell, deceased, as well as all other allegations in the petition.

Jane Gosnell Lunsford also filed an answer denying that the paper offered for probate was found among the papers of Cullie W. Gosnell; denied that said paper was entirely in the handwriting or that any part of it

was in the handwriting of Cullie W. Gosnell; she further alleged that even if the writing offered was genuine it did not constitute a will and testament for the reasons: first, that said paper only expressed a desire and not a gift, bequest or devise; second, that the provisions contained therein are contradictory, conflicting and meaningless.

The chancellor sitting as a probate court heard testimony in the case from which he found that the instrument presented for probate was in the handwriting of the testatrix, Mrs. Cullie W. Gosnell, and was entitled to be probated on the petition of the proponents, and the affidavits thereto attached, as the holographic will and testament of Cullie W. Gosnell, deceased, and admitted same to probate under the provisions of the 5th subdivision of § 14512 of Pope's Digest, which was correct, and then proceeded to construe and interpret the will by holding that a part of it was meaningless; but that the meaningless clause was followed by a definite and certain disposition of the estate among heirs now capable of taking the property, and that such property should pass to such heirs immediately and without limitations in their right of enjoyment and disposition, which holding was incorrect.

The respondent, Mrs. Jane Gosnell Lunsford, prayed an appeal from the order to this court, which was granted.

According to the affidavits attached to the will offered for probate, and the evidence of a number of witnesses introduced, the entire instrument was in the handwriting of Mrs. Cullie W. Gosnell and three or more of them were disinterested witnesses, and as there is nothing in the record to the contrary they must be regarded as unimpeachable witnesses. This court ruled in the case of *Smith* v. *Boswell*, 93 Ark. 66, 124 S. W. 264, that a witness to the handwriting of an alleged testatrix is "unimpeachable" when there is no evidence in the record reflecting on the character or testimony of the witness so testifying. The witnesses being distinterested and unimpeachable within the meaning of the 5th subdivision

of § 14512 of Pope's Digest were sufficient to establish the holographic will of Mrs. Cullie W. Gosnell, and the court correctly admitted same to probate, provided, however, if the instrument offered for probate was and is of testamentary character and might be considered as a will. The will on its face states that: "This is my last will and testament," and it attempts to make disposition of all her property at her death to designated legatees. The instrument, being entirely in the handwriting of the testatrix, established by disinterested and unimpeachable witnesses and the instrument itself being of a testamentary character, the chancellor sitting as a probate court correctly admitted it to probate, but this was as far as he could go. The issue before the court was whether the instrument was admissible to probate, and the probate court was without jurisdiction to interpret or construe the will for the purpose of determining its effect upon the property of the testatrix. This court said in the case of *Powell* v. *Hayes,* 176 Ark. 660, 3 S. W. 2d 974, that:

"The question whether or not the attempted devise to Annie Hayes is sufficiently definite in description of the property to be capable of enforcement cannot be considered by us on this appeal, for that would be to construe the will, which, as we have already seen, we can only do in so far as it is necessary to ascertain whether or not the instrument offered for probate is of a testamentary character and might be considered as a will.

"In *Cartwright* v. *Cartwright,* 158 Ark. 278, 250 S. W. 11, it was held that whether an offered instrument is testamentary in form or in substance so as to be admitted to probate is a question of law for the court to determine from the face of the instrument. It was also held that the functions of a probate court, when a will is offered for probate, are limited to inquiring into and determining whether the instrument presented as the last will of the decedent was executed in the manner prescribed by statute and whether he was legally competent to execute it, and free from duress, menace, fraud and undue influence; but questions as to property rights which might arise out of the consideration of the terms of the will are

not to be determined in a proceeding for the probate of a will. The court said, if the instrument offered for probate purports to bequeath or devise any property, either in general or in particular terms, to an individual or class of individuals, then it is of a testamentary character, and may be admitted to probate; but that the probate court has no jurisdiction to interpret or construe the will for the purpose of determining its effect upon the distribution of the property of the testator.

"This holding is in accordance with the views expressed by the Supreme Court of Oklahoma in construing our statute. *Taylor* v. *Hilton,* 23 Okla. 354, 100 P. 537, 18 Ann. Cas., 385. In that case the court had under consideration § 6521, Mansfield's Digest, which is now § 10525 of Crawford & Moses' Digest providing that when the proceeding to probate a will is taken to the circuit court, the court or jury trying the proceeding shall try how much of any testamentary paper produced is or is not the last will of the testator. It is no part of the proceeding in probate to construe or interpret the will or any of its provisions or to determine what provisions are valid and what are invalid. If the instrument offered for probate is a will, it must be admitted to probate, and the construction and interpretation of the various provisions are to be determined by other courts having jurisdiction in the matter."

This court decided in the case of *Davie* v. *Smoot,* 202 Ark. 294, 150 S. W. 2d 50, (quoting syllabus), that: "The constitutional amendment authorizing General Assembly to consolidate chancery and probate courts does not permit courts of chancery to lift estates out of courts of probate and to apply equitable principles in disposing of controversies cognizable only in probate." *Wooten* v. *Penuel,* 200 Ark. 353, 140 S W. 2d 108.

The order admitting the will to probate is affirmed, but all that part of the order construing and interpreting the will is reversed.