## Manning v. Manning, Executor.

4-7182                                     175 S. W. 2d 982

Opinion delivered December 6, 1943.

*Peter A. Deisch,* for appellant.

*George K. Cracraft,* for appellee.

Robins, J.   W. W. Manning, a resident of Phillips county, Arkansas, on January 3, 1941, executed his last will and testament devising to his niece, Loretta Manning McDonald, and his nephew, James F. Manning, appellees herein, the greater portion of his property and appointing his brother, the appellee, Jesse Manning, executor. The testator died on September 13, 1941, and on September 30, 1941, the will was filed with the clerk of the probate court of Phillips county; and on the same day the testimony of the two subscribing witnesses was taken and the will admitted to probate and recorded by the clerk. At the November term, 1941, of the probate court, the will was presented and the action of the clerk in issuing letters testamentary thereon was approved by the court.

Appellant, R. L. Manning, filed his petition in the probate court on August 21, 1942, in which he set forth that he was a brother of W. W. Manning, and that, as his brother's heir at law, he was entitled to an undivided one-fourth interest in the estate of the decedent; that the executor had perpetrated a fraud upon the court and

upon petitioner "by offering said purported will for probate; that the will was absolutely void," and that this fact was known to said executor and the other legatees under the will; that the testator was mentally incompetent to transact the ordinary affairs of life and was, at the time of making the purported will, incapable of understanding its purport; that the testator had been induced to make said will by the executor and his family; and that the real estate mentioned in the will had been so entailed in the conveyance to the testator that the testator could not legally dispose of it by will. The prayer of the petition was that the court "make an order setting aside the purported will and order of confirmation" thereof.

Appellees demurred to the petition on the ground that the petition showed on its face that it was not filed within the period (six months from the date the will was probated) fixed by the provisions of Act 401 of the General Assembly, approved March 27, 1941. From an order of the court sustaining the demurrer and dismissing appellant's petition this appeal is prosecuted.

Section 1 of Act 401, approved March 27, 1941, is as follows: "That in any case where a will has been admitted to probate without notice having previously been given to the heirs of the deceased testator, a contest of the probation or of the legality of such will may be heard by the court probating the same. Any heir of the deceased testator may, within six months after the probation of such will, but not thereafter, file a complaint in said court setting out the grounds upon which the legality of such will is contested, and making defendants to the complaint all heirs and legatees of the deceased testator not joined as plaintiffs, and causing notice to be served upon all defendants for the time and in the manner required by law for service upon defendants in chancery court cases."

To avoid the operation of this statute it is urged by appellant that the action in the case at bar was not a contest of a will, but was an action to set aside, on the ground of fraud, the judgment of the court confirming the action of the clerk in admitting the will to probate. Section 8246 of Pope's Digest of the laws of Arkansas

provides for the setting aside of a judgment after the expiration of the term "for fraud practiced by the successful party in the obtaining of the judgment or order," and this section is cited by appellant as authority for the relief sought herein.

The petition filed by appellant does not state grounds such as would entitle appellant to have the judgment of the lower court vacated on the ground of fraud. While it is alleged in the petition in general terms that the executor perpetrated a fraud upon the court by offering the will for probate, the facts essential to sustain such a charge of fraud are not set forth. Conceding that the allegations of the petition might be said to be sufficient to amount to a charge of fraud in obtaining the execution of the will, there is no allegation in the petition to the effect that any fraud was perpetrated on the court in procuring the order complained of. "The fraud that would give a court of chancery jurisdiction to set aside the judgment of the probate court admitting the will to probate would be fraud that was practiced upon the court in obtaining the judgment." *Gray* v. *Parks,* 94 Ark. 39, 125 S. W. 1023. "The fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment assailed. It must be a fraud practiced upon the court in the procurement of the judgment itself." *Parker* v. *Sims,* 185 Ark. 1111, 51 S. W. 2d 517.

It is further urged by appellant that this case is controlled by § 14545 of Pope's Digest of the laws of Arkansas, which permits non-residents, or persons not served with process, to institute in chancery court a suit for the purpose of retrying the question of probate, within three years after the final decision of the circuit court, as to the probating of a will, on appeal from probate court. This statute is clearly inapplicable here. The original judgment complained of herein is not a judgment of the circuit court, nor was the instant case filed in chancery court.

Appellant also contends that to construe as mandatory the provisions of Act 401 of 1941 would violate constitutional rights of appellant to question the validity of his brother's will. But there is no right to contest a will except such as is conferred by statute. As was said by Mr. Justice HUMPHREYS, speaking for the court, in the case of *Robertson* v. *Robertson,* 144 Ark. 556, 223 S. W. 32: "The right to contest a will is not an inherent or constitutional right. Such a right is purely statutory, and does not exist independently of statutory authority."

The contention of appellant that the lands of the testator were so entailed that the testator could not devise same by will is not one that may properly be made in a proceeding to probate a will. The only matter to be adjudicated is whether or not the instrument offered for probate was in fact the last will and testament of the testator, and no question as to the construction, interpretation, or effect of the will can be determined in such a proceeding. *Boone* v. *Boone,* 114 Ark. 69, 169 S. W. 779; *Cartwright* v. *Cartwright,* 158 Ark. 278, 250 S. W. 11; *Powell* v. *Hayes,* 176 Ark. 660, 2 S. W. 2d 974; *Lunsford* v. *Hawkins,* 203 Ark. 247, 156 S. W. 2d 235. "The construction of a will is generally a matter for the courts to determine after the instrument has been probated; and, unless authorized . . . , the probate court, in a probate proceeding, has no power to determine questions relating to the construction or interpretation and legal effect of a will, or as to the validity and effect of particular provisions, bequests and devises." 68 C. J. 893.

We conclude that the lower court correctly held that appellant's petition, not having been filed within six months after the will sought to be annulled was probated, did not state a cause of action. The decree appealed from is therefore affirmed.