TAYLOR *v.* CAMMACK.

4-7862                                    193 S. W. 2d 323

Opinion delivered March 25, 1946.

*Thos. Compere,* for appellant.

*George Norman,* for appellee.

ROBINS, J.   The question presented by this appeal is: Were the appellants, Barbara Ann Taylor, Eleanor Sue Taylor and William Knox Taylor, minor children of Thurman B. Taylor, deceased, pretermitted in the will of their father, so as to render said will ineffective as to them?

Thurman B. Taylor, a resident of Ashley county Arkansas, died on December 24, 1940, leaving him surviving his widow, Mrs. Ella J. Taylor, one of the appellees, and three children, the above named appellants.

The following instrument was duly admitted to probate as the last will and testament of said Thurman B. Taylor:

"In the name of God, Amen: I Thurman Taylor of Hamburg, Ark., being of sound mind and disposing memory, but knowing the uncertainty of human life, hereby revoking any and all wills heretofore made by me.

"First: I desire that all my just debts be paid. I desire to leave all my possessions to my wife, Mrs. Ella J. Taylor.

"I desire that Ella J. Taylor and............................act as my executor without bond, and full power to sell and dispose of it in his (its) judgment it is necessary for the payment of debts, or to the advantage of the estate, or of the heirs.

"Thurman B. Taylor. (SEAL)

"Signed, sealed, and published, and declared by said Thurman B. Taylor the testator, as and for his last will and testament; and we, at his request, and in his presence, and in the presence of each other have hereby subscribed our names as witnesses thereto this 8 day of May, 1933.

"Roy E. Bell

"A. S. Dees."

At the time of his death Mr. Taylor owned the west half of lot three, block three, and lot eight as shown by Bunn's Survey of the town of Hamburg, Arkansas. Acting under the power given her by the will of her husband, and, as was admitted in the trial below, in order to obtain money to educate the children of testator and also to discharge his debts, appellee, Ella J. Taylor, sold and by deed conveyed this property to appellee, Mrs. H. D. Cammack, for a consideration of $7,000, which is stipulated to be a fair price therefor.

The instant suit was brought on behalf of appellants by M. F. Taylor, as their next friend, and in the complaint it is alleged that since these children were not mentioned in the will of Thurman B. Taylor, deceased, they were entitled to inherit his property as pretermitted children under the provisions of § 14525 of Pope's Digest. The prayer of the complaint was that the said deed executed by Mrs. Taylor to Mrs. Cammack be canceled.

It is the contention of appellees that by the use of the word "heirs" in the will the testator described and referred to his children, the appellants, and that since this constituted a mention of them they were not pretermitted. The lower court sustained this contention, held that the conveyance from Mrs. Taylor to Mrs. Cammack was valid, and dismissed the complaint. This appeal followed.

The purpose of the statute (§ 14525, Pope's Digest), providing an inheritance for pretermitted children, is not to require a testator to make some devise or bequest to each of his children, but rather to insure that there should be no unintentional disherison of a child by the testator. "The object of such statutes is not to secure equality of distribution or to compel a testator to make a substantial provision for his children, but is rather to guard and provide against testamentary thoughtlessness. . . ." 26 C. J. S. 1047; *Culp* v. *Culp,* 206 Ark. 875, 178 S. W. 2d 52; *Kinnear* v. *Langley, ante,* p. 878, 192 S. W. 2d 978.

The word "heirs," in its technical sense, is not synonymous with the word "children," but Mr. Taylor, at the time he executed the will and at the time of his death, had no heirs other than these three children; and we think that it is reasonable to assume that when he used the word "heirs" he used it in the non-technical sense, and meant thereby his children. "The word 'heirs' in its strict and technical sense applies to persons appointed by law to succeed to the estate in case of intestacy; but it is frequently used to designate those persons who answer this description at the death of the testator." *Crutcher* v. *Joyce,* 134 F. 2d 809.

In the Petition of Minot, 164 Mass. 38, 41 N. E. 63, the Supreme Judicial Court of Massachusetts, in construing a statute of that state for the protection of pretermitted children, said: "At the time the will was made, the testator's son was not born, and we are not informed whether he then or ever had any other child. After a bequest to his wife, he gave the whole of the rest of his property to a trustee, who was to pay the whole income to the testator's wife during her life, and the reversion was to go to those persons who would then be his heirs at law by blood; that is, to his children, if any should then be living. He knew that his wife was pregnant, and the above provision was no doubt intended to include the child, and there was therefore no omission to provide in his will for his children, if there should be any living at his death."

Virtually the same question posed in this case was decided in the case of *Powell* v. *Hayes,* 176 Ark. 660, 3 S. W. 2d 974, wherein we held that a reference by a testator in his will to his "heirs" constituted a mention of his children, who were his only heirs at law. In that case we said: "This court has held that a will in which the testator provides for all of his children as a class, without expressly naming them, is a sufficient mention of his children within the statute providing that, when any person shall make a will and shall omit to mention the name of a child, he shall be deemed to have died intestate as to such child. *Brown* v. *Nelms,* 86 Ark. 368, 112 S. W. 373. In the alleged will under consideration in this case the testator gave the balance of his property to his wife and heirs, as the law provides. In its strict legal sense the word 'heirs' signifies 'those upon whom the law casts the inheritance of real estate.' But this construction will give way if there be upon the face of the instrument sufficient to show that it was to be applied to children. *Flint* v. *Wisconsin Trust Co.,* 151 Wis. 231, 138 N. W. 629, Ann. Cas. 1914B, p. 67, and case-note at p. 70; Commentary on Wills, by Alexander, vol. 2, par. 850-852, inclusive; Page on Wills, 2d Ed., vol. 1, p. 1496, § 891; and 28 R. C. L., p. 248, § 216. The word 'heirs' has been held to be susceptible of two interpretations; the one which is technical, and embraces the whole line of heirs; the other, not technical, but common, and is used to denote the heirs who may come under the designation of heirs at a particular time, and it is often used in common speech as synonymous with children. *Turman* v. *White's Heirs,* 14 B. Mon. (Ky.) 560; and *Feltman* v. *Butts* (Ky.), 8 Bush. 115. The holding of this court is in accordance with this rule. *Robinson* v. *Bishop,* 23 Ark. 378, and *Galloway* v. *Darby,* 105 Ark. 558, 151 S. W. 1014, 44 L. R. A., N. S., 782, Ann. Cas. 1914D, 712. Looking at the entire will and all the circumstances surrounding the testator, we think the word 'heirs,' as used in the will, manifestly meant children. The word was not used to denote succession but to describe devisees who were to take under the will. The record shows that the testator had several pieces of real estate, and left surviving him his widow and several chil-

dren, who state that they are his only heirs at law. He devises the balance of his property, after the devise to Annie Hayes, to his wife and heirs as the law provides. This meant that they should take such part of his estate as they were entitled to under our statutes of descent and distribution, and shows that he did not intend to omit any of his children from his will."

The lower court correctly construed the will and its decree is in all things affirmed.