Robert H. ROBINSON, Administrator,
and Betty WOOD
*v.* James E. MAYS and John P. MAYS

80-195                                    610 S.W. 2d 885
Supreme Court of Arkansas
Opinion delivered February 2, 1981

*Randall W. Ishmael* and *Richard A. Jarrett*, for appellants.

*Howard & Howard*, by: *William B. Howard*, for appellees.

STEELE HAYS, Justice. The issue raised by this appeal is whether two sons are pretermitted children under the will of their mother within the meaning of Ark. Stat. Ann. § 60-507(b) (Repl. 1971). The lower court held that they are and, as such, entitled to share in the estate. We consider the holding to be correct.

Appellant, Betty Wood, is a half sister of appellees, James E. May and John P. Mays. The Mayses are children of the first marriage of Edna King Kreager and Betty Wood is the child of a second marriage. All were living when Mrs. Kreager executed her will in Missouri, where she resided. Her death occurred some two weeks later.

The will made no mention of James or John Mays; it left the entire estate to Betty Wood, but if she failed to survive, then to her husband, John, and their two sons, John and Steven, in equal parts. If none of these survived, paragraph 4(c) of the will provided that the estate would devolve to those persons who would be entitled to share in the distribution of the estate in accordance with the laws of descent and distribution of the State of Missouri.

Mrs. Kreager owned lands in Arkansas and ancillary administration was begun here, where appellees petitioned for a determination of heirship, raising the issue of pretermitted children. The pertinent proviso of 60-507(b) is that if, at the time a will is executed, there is a living child whom the testator "shall omit to mention or provide for, either specifically or as a member of a class" then such child shall take as if there had been no will.

The Probate Court held that appellees were pretermitted children and appellants have appealed, urging that the will sufficiently provided for appellees as members of a class within the meaning of the statute.

Appellants concede that appellees are not specifically mentioned in the will, but they argue that they are identified as those persons whom the testatrix intended to take under paragraph 4(c) if Betty Wood and the other named devisees did not survive.

It is correct that if all of the Wood family predeceased Mrs. Kreager with no afterborn children, the estate would pass to the appellees under the combined language of paragraph 4(c) of the will and laws of descent and distribution of Missouri. But is this sufficient under 60-507(b)? We think not.

The purpose of this statute is not to interfere with the right of a person to dispose of his property according to his own will, but to avoid the inadvertent or unintentional omission of children (or issue of a deceased child) unless an intent to disinherit is expressed in the will. *Branton* v. *Branton*, 23 Ark. 569 (1861). Thus, where the testator fails to mention children or provide for them as member of a class, it will be presumed that the omission was unintentional, no contrary intent appearing in the will itself. In *Cockrill* v. *Armstrong*, 31 Ark. 580 (1876), the presumption is described in these terms:

> So strong is the presumption that a father would not intentionally omit to provide for all his children, that in case the name of one or more of the children is left out of the will, by statute it is held to be an unintentional oversight, and the law brings them within the provisions of the will, and makes them joint heirs in the inheritance.

Appellants concede the absence of exact precedent for their position, but rely on *Powell* v. *Hayes*, 176 Ark. 660, 3 S.W. 2d 974 (1928) and *Taylor* v. *Cammack*, 209 Ark. 983, 193 S.W. 2d 323 (1946). In both cases, children of the testator were not specifically mentioned, but were held to be contemplated by the testator in using the term "heirs" in the will. In *Powell* the language considered was "the balance of my property to my wife and heirs, as the law provides." The court observed that "heir," when used in its technical sense, includes more than just children, but is often used in a nontechnical sense to mean children and held that it was in this sense that the testator used the word, thereby mentioning his children as a class.

Similarly, in *Taylor* v. *Cammack*, the court held that in using the word "heirs" the testator referred to his children, noting that his *only* heirs were the children.

But we are unwilling to further extend the reasoning of these decisions by accepting appellants' argument, especially when to do would be to work against the purpose of 60-507(b), rather than with it. The decision in neither *Powell* nor *Taylor* resulted in the disinheritance of some children to the

preference of others as appellants would have us do. This, we believe, would be the antithesis of 60-507(b).

Besides, we cannot with confidence arrive at the conclusion that Mrs. Kreager had her sons so clearly in mind as to have met the requirements of the statute by providing that if her other devisees predeceased her, her estate should pass to those undesignated persons who would be entitled to share in her estate under the laws of descent and distribution of Missouri. Appellants contend that this intent by Mrs. Kreager must be presumed, because of the view first announced in *Moody* v. *Walker*, 3 Ark. 147 (1840) and in *Crittenden* v. *Lytle*, 221 Ark. 302, 253 S.W. 2d 361 (1952), that a testator is presumed to understand the meaning of technical phrases used in a will.

The rule is sound, but where, as here, it conflicts with the presumption against disinheritance, then it must yield, as in *Armstrong* v. *Butler*, 262 Ark. 31, 553 S.W. 2d 453 (1977). The former presumption is judicially created to aid in construing wills, whereas the latter is statutory. In *Armstrong* the court stated that 60-507 "goes much further than creation of a presumption. It states the effect of omission of a child or the issue of a deceased child in clear and distinct language, without admitting of any exception."

Appellees point to the most telling errancy of appellants' position, and that lies in the dicta of the cases they rely on. The reasoning of *Powell* and *Taylor* is that the testator used the word "heirs" in a colloquial sense to mean children, and not in the strict sense, which would not comply with 60-507. Clearly, the language of paragraph 4(c) of the will, on which appellants depend, is technical and in making reference to the laws of descent and distribution, the usage contemplates heirs in the literal sense.

We think the Probate Court was mindful of the strong presumption against disherison and the requirement that wills are to be liberally construed to reach a just conclusion and, hence, we affirm. *Brown* v. *Nelms*, 86 Ark. 368 (1908).

Affirmed.