Judy C. PETTY *v.* Charlotte S. CHANEY, Executrix

83-173                                            661 S.W.2d 373

Supreme Court of Arkansas
Opinion delivered December 12, 1983

*Howell, Price & Trice, P.A.,* by: *Ronald A. Hope,* for appellant.

*H. Clay Moore,* for appellee.

GEORGE ROSE SMITH, Justice. The appellant's father, John T. Chaney, died testate in 1981. The appellant, who

was not mentioned or provided for by name in her father's will, seeks to share in the estate as a child whom the testator omitted "to mention or profide for, either specifically or as a member of a class." Ark. Stat. Ann. § 60-507 (b) (Repl. 1971). We agree with the probate judge's conclusion that the appellant was sufficiently mentioned or provided for in that paragraph of the will creating a trust for the testator's "descendants." Our jurisdiction is under Rule 29 (1) (c) and (p).

Chaney was survived by his wife and her three children (his stepchildren), and by one son and one daughter, the appellant. Chaney's will first left to his wife certain personal property and enough other property to qualify for the marital deduction under the estate tax laws. The rest of the estate was left in trust, with the trustee to distribute "to my wife and my descendants from the income and pricipal of the trust such amounts as are necessary, when added to the funds reasonably available to them . . . to provide for their health, support and maintenance, to the extent reasonably possible, in accordance with the standard of living they enjoyed at the time of my death." Upon the widow's death the trust is to terminate and the trust property to be distributed in equal shares to the testator's son, his granddaughter (the appellant's daughter), and the three stepchildren, all those distributees being named somewhere in the will.

Before the enactment of the Probate Code in 1949, our statute required the testator "to mention the name of a child, if living." Pope's Digest, § 14525 (1937). Under that statute we said that the only requirement was that the testator mention the name of his child, the object of the statute not being to secure equality of distribution of the estate or to compel the testator to make a substantial provision for his children. *Culp* v. *Culp*, 206 Ark. 875, 178 S.W.2d 52 (1944). We went on to say that the object of the statute was "to prevent injustice to a child or descendant from occurring by reason of the forgetfulness of a testator who might, at the time of making his will, overlook the fact he had such child or descendant." In an earlier case we had held it to be enough for the testator to refer to his children as a class. *Brown* v. *Nelms*, 86 Ark. 368, 112 S.W. 373 (1908).

The Probate Code clarified the statute and widened the testator's choices by stating that he might mention *or* provide for the child, either specifically or as a member of a class. § 60-507 (c), *supra*. The appellant was not mentioned by name, but she concedes in her brief that as a descendant of the testator she will be entitled to assistance from the income and principal of the trust if she suffers financial reverses during the lifetime of her father's widow.

Whether the word "descendants" as a description of the beneficiaries of the trust sufficiently describes a class within the meaning of the statute is to be determined by a consideration of the will as a whole. The appellant cites our recent holding in *Robinson* v. *Mays,* 271 Ark. 818, 610 S.W.2d 885 (1981), as being "directly in point," but we find little similarity between that case and this one. There the will made no possible reference to the testatrix's two sons except in a residuary provision that if the testatrix's four named recipients of the estate did not survive her, then the estate would pass to the persons entitled to it under the laws of descent and distribution of the State of Missouri. We held that such a general reference to undesignated persons did not show that the testatrix had her sons in mind. Here, by contrast, the will specifically referred to the testator's descendants, a limited class consisting, as far as the record shows, of only three persons: Chaney's son, daughter, and granddaughter. Moreover, the will referred to the trust as the John T. Chaney Family Trust, and it *was* a family trust, providing assistance only for Chaney's wife and his own descendants, to the exclusion of his stepchildren. Thus it cannot be doubted that Chaney understood the difference between his descendants and his stepchildren.

Finally, the Probate Code, unlike our earlier statute, excludes from the definition of a pretermitted child one who has been "provided for" in the will, either specifically or as a member of a class. It cannot be doubted that the appellant was provided for as a member of the class of descendants, as she concedes. That means that if the adverse circumstances contemplated by the will should occur she might conceivably be entitled to all the trust property, to the exclusion of the other beneficiaries. Thus we cannot sustain the

appellant's argument without disregarding the change made by the Probate Code. We conclude that the probate judge properly construed the Code and in doing so reached a just result.

Affirmed.

ADKISSON, C.J., and PURTLE, J., dissent.

JOHN I. PURTLE, Justice, dissenting. I agree with the majority in interpreting the law in this case but I disagree as to the conclusions reached based upon the particular facts of this case. A paragraph in the decedent's will is entitled identification. In the identification article the decedent identifies his wife, his son and his daughter's child (granddaughter). There is absolutely no reference to the appellant. The will subsequently established a family trust during the widow's lifetime. The trustee was granted authority to make funds available from the family trust to any of decedent's descendants as necessary to enable the descendants to maintain their status in accordance with the standard of living enjoyed by them at the time of decedent's death. Upon the death of the widow the proceeds of the trust would be distributed to decedent's named child and stepchildren as well as his granddaughter (appellant's daughter).

The trust was not established for the benefit of any class. Appellant was not mentioned as a beneficiary or as a contingent beneficiary. The likelihood of appellant receiving any benefits from the trust was apparently remote. In fact she has not received any benefits from the trust. Being neither entitled to benefits from the trust nor named in the will I am of the opinion that she is clearly a pretermitted child.

I agree with appellant that *Robinson, Adm'r v. Mays,* 271 Ark. 818, 610 S.W.2d 885 (1981) is dispositive of this case. In *Robinson* there was a contingency that the pretermitted children would inherit if none of the devisees survived. That contingency is no more probable than is the one in the present case. We upheld the ruling of the trial court that the two sons in *Robinson* were pretermitted in accordance with

Ark. Stat. Ann. § 60-507 (b) (Repl. 1971). In *Robinson* we stated:

> Thus, where the testator fails to mention children or provide for them as members of a class, it will be presumed that the omission was unintentional, no contrary intent appearing in the will itself. In *Cockrill v. Armstrong*, 31 Ark. 580 (1876), the presumption is described in these terms:
>
> > So strong is the presumption that a father would not intentionally omit to provide for all his children, that in case the name of one or more of the children is left out of the will, by statute it is held to be an unintentional oversight, and the law brings them within the provisions of the will, and makes them joint heirs in the inheritance.

If *Cockrill* was the law when we decided *Robinson* in 1981, it is still the law. Therefore, I would hold that the appellant is a pretermitted child.

ADKISSON, C.J., joins in this dissent.