The ESTATE of Alice E. CISCO, Deceased, Kent
COXSEY, Executor *v.* Gerald Lee CISCO, et al.

85-324                                707 S.W.2d 769

Supreme Court of Arkansas
Opinion delivered April 21, 1986

*Coxsey & Coxsey*, by: *J. Kent Coxsey*, for appellant.

*Epley, Epley & Castleberry, Ltd.*, by: *Lewis E. Epley, Jr.*, for appellees.

DARRELL HICKMAN, Justice. This is a will construction case involving pretermitted, or omitted, grandchildren of deceased children. Alice E. Cisco died testate, leaving her estate to seven of her children and one grandchild. The will was executed on November 2, 1978. Mrs. Cisco did not mention two children who were deceased at that time: Tommy Donald Cisco and Ethmer Edwin Cisco. On July 7, 1981, a codicil was executed to update her will. In it Mrs. Cisco acknowledged that since she executed her will two of her children had passed away, Bob Cisco and Dale Cisco. Still no mention was made of Tommy Donald Cisco or Ethmer Edwin Cisco. The estate was to be divided between her remaining five children and one grandchild. The children of Tommy and Ethmer Cisco petitioned to take against the will, claiming to be pretermitted heirs. The trial court found in their favor and the estate appeals. We affirm the trial court's decision.

The will in relevant portions reads:

The rest and residue of my estate, whether real or personal and wherever situate, I hereby devise and bequeath in the following manner:

One Eighth (1/8) of my estate, I hereby devise and bequeath unto my son, Hugh Cisco.

One Eighth (1/8) of my estate, I hereby devise and bequeath unto my son, R. C. Cisco.

One Eighth (1/8) of my estate, I hereby devise and bequeath unto my daughter, June Miller.

One Eighth (1/8) of my estate, I hereby devise and bequeath unto my son, Bob Cisco.

One Eighth (1/8) of my estate, I hereby devise and

bequeath unto my son, Jack Cisco.

One Eighth (1/8) of my estate, I hereby devise and bequeath unto my daughter, Audrey Cash.

One Eighth (1/8) of my estate, I hereby devise and bequeath unto my son, Dale Cisco.

One Sixteenth (1/16) of my estate, I hereby devise and bequeath unto my son, Ernest Cisco.

One Sixteenth (1/16) of my estate, I hereby devise and bequeath unto my grandson, Ricky Cisco.

The codicil in pertinent part reads:

Since the execution of the above referred to Will, two (2) of my sons have died, namely: Bob Cisco and Dale Cisco.

After payment of Paragraph #1 of said Will, I hereby devise and bequeath the rest and residue of my estate in the following manner:

One-sixth (1/6) of my estate, I hereby devise and bequeath unto my son, Hugh Cisco.

One-sixth (1/6) of my estate, I hereby devise and bequeath unto my son, R. C. Cisco.

One-sixth (1/6) of my estate, I hereby devise and bequeath unto my daughter, June Miller.

One-sixth (1/6) of my estate, I hereby devise and bequeath unto my daughter, Audrey Cash.

One-twelfth (1/12) of my estate, I hereby devise and bequeath unto my son, Ernest Cisco.

One-twelfth (1/12) of my estate, I hereby devise and bequeath unto my grandson, Ricky Cisco.

If any of my children should die before I do, I direct

that their share revert back into my estate, and be divided to the remaining legatees equivalent to the distribution above set forth.

█ Ark. Stat. Ann. § 60-507(b) (Repl. 1971) defines a pretermitted heir:

If at the time of the execution of a will there be a living child of the testator, or living child or issue of a deceased child of the testator, whom the testator shall omit to mention or provide for, either specifically or as a member of a class, the testator shall be deemed to have died intestate with respect to such child or issue, and such child or issue shall be entitled to recover from the devisees in proportion to the amounts of their respective shares, that portion of the estate which he or they would have inherited had there been no will.

█ The estate claims the appellees' fathers are part of the class of "my children" in the last sentence of the codicil and, therefore, were not omitted from the will. As a general rule, the testator's use of a word which describes a class of persons is considered to be sufficient identification of the claimant to preclude the application of the pretermitted heir statute. Annot., 152 A.L.R. 723 (1944); *Yeates* v. *Yeates*, 179 Ark. 543, 16 S.W.2d 996 (1929).

█ In construing this will, we must determine the intention of the testatrix and give that intention effect. *Deal* v. *Huddleston,* 288 Ark. 96, 702 S.W.2d 404 (1986); *Yeates* v. *Yeates, supra.* In *Armstrong* v. *Butler*, 262 Ark. 31, 553 S.W.2d 453 (1977), we said:

The intention of a testator is to be gathered from the four corners of the instrument itself, considering the language used and giving meaning to all its provisions, if possible to do so. The intention of the testator as expressed in the language of his will prevails if consistent with the rules of law.

The will listed only the children living at the time the will was executed and one grandchild. No class was mentioned, only names. Tommy Donald Cisco and Ethmer Edwin Cisco had already died. The first paragraph of the codicil states that since

the execution of her will, two children had died, Bob Cisco and Dale Cisco. The second paragraph bequeathed her estate to her living children and the one grandchild. The last paragraph then stated that *if* any of her children predeceased her, their shares would revert to the estate to be distributed to the other legatees.

■ The trial court found:

> The wording of the sentence in the codicil and stated above does not name the petitioners or Tommy Donald Cisco or Ethmer Edwin Cisco as a class in the term 'my children'. This term referred only to the specifically named children remaining from the text of the will which were not specifically named as excluded in the codicil, i.e. Bob Cisco and Dale Cisco. Although 'any children' would be synonomous with 'all children', the key words of limitation are 'if', 'should', and 'revert'. The testatrix's intention being children, as named specifically in the codicil, whose death may occur subsequent to the date of the codicil and prior to the date of the testatrix's death. The children of testatrix who died prior to the date of the making of the testatrix's Last Will and Testament, i.e. Tommy Donald Cisco and Ethmer Edwin Cisco, were not mentioned specifically or as a member of a class; therefore, the petitioners under the provisions of Ark. Stat. Ann. 60-507(b) are entitled to recover a representative share of the deceased issue of the testatrix as a pretermitted child.

We agree with the trial court that the phrase "my children" was referring to only the children living at the time the codicil was executed. Tommy and Ethmer Cisco were not part of that class because they passed away prior to the execution of the will. Since neither they nor the appellees were specifically mentioned in the will or codicil, the appellees are pretermitted heirs and entitled to share in the estate.

Affirmed.

PURTLE, J., not participating.