Charles Wayne DYKES and Mabel Dykes *v.* Lucille DYKES and the Estate of John R. Dykes

87-285                                    741 S.W.2d 256

Supreme Court of Arkansas
Opinion delivered December 21, 1987

*James E. Smedley*, for appellants.

*Walter A. Hale*, for appellees.

JOHN I. PURTLE, Justice. The probate judge dismissed the appellants' contest of the will of John R. Dykes. The appellants are the son and the mother of the decedent. For reversal the appellants argue that Charles Dykes was a pretermitted child pursuant to Ark. Stat. Ann. § 60-507(b) (Repl. 1971) and therefore entitled to inherit as though his father had died intestate. We hold that the probate court correctly applied the law to the facts in this case.

The key provision in the decedent's will stated: "My children know that my wife and I love them dearly, and I am certain that they realize that she will dispose of any property of mine in a manner which is consistent with the love and affection we feel for the children." The key provision of Ark. Stat. Ann. § 60-507(b) defines a pretermitted child as one "whom the testator shall omit to mention or provide for, either specifically or as a member of a class . . . ." There can be no doubt, and the appellants concede, that the children were mentioned as a class. Thus the argument for reversal is that the children were pretermitted because the testator did not provide for them in his will.

We considered the question of pretermitted children in the case of *Robinson* v. *Mays*, 271 Ark. 818, 610 S.W.2d 885 (1981), wherein we stated: "The purpose of this statute is not to interfere with the right of a person to dispose of his property according to his own will, but to avoid the inadvertent or unintentional omission of children (or issue of a deceased child) unless an intent to disinherit is expressed in the will." It is readily apparent that the quoted provision of the will in the case before us mentions the children as a class. The statute in question directs that the children shall take as though the decedent had died intestate only when the testator fails to mention *or* provide for them, specifically or as a class. The statute does not permit

children to take against the will simply because the testator failed to make provision for them in the will; if the testator mentioned the children, specifically or as a class, the statute does not apply and the children are not pretermitted. See also *Brown* v. *Nelms*, 86 Ark. 368, 112 S.W. 373 (1908).

■ The testator had a right to dispose of his property in any manner he deemed appropriate. We do not deem it necessary to discuss the question in further detail because the testator clearly mentioned his children as a class. Therefore, Charles Dykes is not entitled to inherit as though his father had died intestate.

Affirmed.