Dorene LEATHERWOOD v. Inez MEISCH, In the Matter of the Estate of Francis F. Meisch, Deceased

88-107                                      759 S.W.2d 559

Supreme Court of Arkansas
Opinion delivered November 14, 1988

*Zachary D. Wilson*, for appellant.

*Phil Stratton and Casey Jones, Ltd.*, by: *Phil Stratton*, for appellee.

STEELE HAYS, Justice. The only question to be decided is whether appellant Dorene Meisch Leatherwood is a pretermitted child under the will of her late father, Francis F. Meisch. Mrs. Leatherwood is the only child of Francis Meisch and Dorothy Meisch, who divorced in 1953. Francis Meisch died on December 29, 1985, survived by his widow, Inez Meisch, and by Mrs. Leatherwood.

Inez Meisch petitioned the probate court for the probate of a will dated February 9, 1973, naming Inez Meisch as executrix with Dorene Leatherwood as alternate. The will provided that if Inez Meisch survived, she would receive the entire estate—if not, then the estate would go to Dorene Leatherwood.

Subsequently, Mrs. Leatherwood objected to the 1973 will and offered two later wills—one dated October 29, 1980,[1] and the other dated March 14, 1984. The petition asked that the 1984 will be probated and that Mrs. Leatherwood be declared to be a pretermitted child under the 1984 will.

The 1984 will was admitted to probate as the last known will of Francis Meisch. It provided that Inez Meisch would serve as executrix and, if she survived, would receive the entire estate. If Mrs. Meisch did not survive, the entire estate was to be divided into two equal shares, "one of which shall be distributed to those persons who would constitute my heirs at law on the date of my death, and the other share distributable to those persons who would constitute the heirs at law of my said wife on the date of her death." The will does not mention Mrs. Leatherwood by name.

Mrs. Leatherwood contends here, as she did before the probate court, that she is a pretermitted child within the language of Ark. Code Ann. § 28-39-407(b) (1987):

(b) PRETERMITTED CHILDREN: If, at the time of

---

[1] The 1980 will nominated Mrs. Leatherwood to be executrix and recited that if a pending divorce suit was finalized prior to the death of Francis Meisch, Inez would receive nothing, but if the death should occur before finalization, Inez would receive only her statutory interest as widow. The residue of the estate was bequeathed to Dorene Leatherwood.

the execution of a will, there is a living child of the testator, or living child or issue of a deceased child of the testator, whom the testator shall omit to mention or provide for, either specifically or as a member of a class, the testator shall be deemed to have died intestate with respect to the child or issue. The child or issue shall be entitled to recover from the devisees in proportion to the amounts of their respective shares, that portion of the estate which he or they would have inherited had there been no will.

The probate judge held that Mrs. Leatherwood came within a class mentioned in the will and was not, therefore, pretermitted. Mrs. Leatherwood has appealed and we affirm.

■ Our relevant cases can be summarized succinctly—if the word "heir" or "heirs" is used by the testator in a colloquial sense to refer to children, or descendants, as opposed to a technical, legal sense, then the requirements of § 28-39-407(b) (1987) are met. *Taylor* v. *Cammack*, 209 Ark. 983, 193 S.W.2d 323 (1946); *Powell* v. *Hayes*, 176 Ark. 660, 2 S.W.2d 974 (1928). Thus in *Young* v. *Young*, 288 Ark. 199, 703 S.W.2d 457 (1986), we held the following language was a sufficient mention of children to uphold a will which excluded them:

> I am mindful of the fact that I have willingly and intentionally omitted to provide for all my heirs or other relatives not specifically mentioned herein.

Similarly, in *Petty* v. *Chaney, Ex'x*, 281 Ark. 72, 661 S.W.2d 373 (1983), we held that a provision for "my wife and my descendants," was sufficient.

Mrs. Leatherwood relies on the case of *Robinson* v. *Mays*, 271 Ark. 818, 610 S.W.2d 885 (1981), which the concurring opinion finds indistinguishable from the case now before us. But how could it be said the words "heir" or "descendant" are used in a colloquial sense when they do not even appear? The probate judge found the wording in *Robinson* to be technical and we affirmed. Perhaps the difference is only one of degree, but most differences are, when closely examined. The language in *Robinson* provides that the estate would:

> devolve to those persons who would be entitled to share in the distribution of the estate in accordance with the laws of

descent and distribution in the State of Missouri.

That is the terminology of the technician, the cant of the legal profession, not the words a layman might choose to refer colloquially to a child or to children.

■■ While we review probate cases de novo, we cannot say the trial judge's order was clearly erroneous and, accordingly, we affirm.

HOLT, C.J., and NEWBERN, J., concur.

PURTLE, J., dissents.

DAVID NEWBERN, Justice, concurring. The result reached in this case is correct, however, I cannot accept the abstract "colloquial-technical" distinction made in the majority opinion. The will purported to distribute a share of the estate to "my heirs at law on the date of my death." In *Robinson* v. *Mays*, 271 Ark. 818, 610 S.W.2d 885 (1981), we held a child was pretermitted because not included in a devise or bequest "to those persons entitled to share in the . . . estate in accordance with the laws of descent and distribution in the State of Missouri." By just looking at the two sets of words, it is impossible for me to say one is more or less technical than the other.

We recently reviewed the cases involving the technical-colloquial distinction. *Young* v. *Young*, 288 Ark. 199, 703 S.W.2d 457 (1986). One of the cases reviewed was *Taylor* v. *Cammack*, 209 Ark. 983, 193 S.W.2d 323 (1946), where a testator's statement appointing an executor with "full power to sell and dispose of it [property] [if] in his (its) judgment it is necessary or . . . to the advantage of . . . the heirs" was held a sufficient reference to the testator's children to avoid pretermitting them. We looked at the circumstances in which the words were used and found the testator had no heirs other than his three children, we then found it was reasonable to assume he was using the term "heirs" in the non-technical sense to refer to the children.

As we noted in the *Young* case, the purpose of the pretermitted child statute is not to compel a testator to provide for his children; it is to provide for the child the testator may simply have forgotten to mention. It is clear to me that the testator must have meant to include Dorene Leatherwood in the category "heirs,"

because she was his only child. Therefore, it was not erroneous for the court to find that she was mentioned in the will.

HOLT, C.J., joins in this opinion.

JOHN I. PURTLE, Justice, dissenting. I cannot go along with the majority opinion in this case because it clearly obliterates the requirement that an heir be mentioned in a will by a name or as a member of a class. The pertinent part of the statute relating to pretermitted children states that if there is a "living child or issue of a deceased child of the testator, whom the testator shall omit to mention or provide for, either specifically or as a member of a class, the testator shall be deemed to have died intestate with respect to the child or issue." In this case the court has gone so far as to hold that the mere designation of the contingent beneficiaries as "my heirs at law" satisfied the requirement that a child be mentioned. This decision is simply not in keeping with the plain words of the statute and most of our past decisions. In this case the so-called class is "those persons who would constitute my heirs at law on the date of my death." That phrase simply restates the law of descent and distribution and has no effect whatsoever on any person's right to inherit.

I think we ought to return to our holdings such as that of *Crossett Lumber Company* v. *Files*, 104 Ark. 600, 149 S.W. 908 (1912), where this court held that if a testator failed to mention the name of his only surviving child, that child was pretermitted. We have a long line of cases holding that if the names of all, any, or either of the testator's children are omitted in the will, the testator is deemed to have died intestate as to those omitted. *Boyd* v. *Epperson,* 149 Ark. 527, 232 S.W. 939 (1921), *Branton* v. *Branton,* 23 Ark. 569 (1861). These decisions were rendered under prior law, but the principle is the same. The case of *Robinson* v. *Mays,* 271 Ark. 818, 610 S.W.2d 885 (1981), cited in the majority opinion, concerned the designation of "those persons who would be entitled to share in the distribution of the estate in accordance with the law of descent and distribution of the state of Missouri." We held this was insufficient to exclude two children who were not named in the will. We upheld the trial judge's decision that the failure to name the children in the will rendered them pretermitted children. We have also held that the failure of the testator to mention a child or issue of a deceased child resulted

in treating such omitted heirs as though no will had been made. *Cisco* v. *Cisco*, 288 Ark. 552, 707 S.W.2d 769 (1986).

We need to get away from these strained constructions which interpret certain language as "technical" and other language as "common usage." Over a period of time, and by use of common sense, we have learned that a "class" of devisees is simply not equivalent to those who are "heirs at law." A "class" consists of such groups as brothers, sisters, children, grandchildren, nieces, nephews, etc. The reason for making a will in the first place is to dispose of property in a manner which would not be followed if left to the law of descent and distribution. The reason our cases have been fairly consistent in requiring the testator at least to mention a descendant as a member of a class is to prevent the unintentional disinheritance of a legitimate heir. It is my opinion that we ought to get back to the basics and require a will to meet the requirements of the statute.

The appellant, the only child of the decedent, was not mentioned by name or by class in the will. By any standard she is pretermitted and therefore entitled to her intestate share of the estate.