Lucy MANGUM, et al. *v.* ESTATE OF Mary B. FULLER

90-72                                        797 S.W.2d 452

Supreme Court of Arkansas
Opinion delivered October 22, 1990

*Daggett, Van Dover & Donovan,* by: *James R. Van Dover,*

Rule 2.2(a). *See Adams* v. *State,* 26 Ark. App. 15, 758 S.W.2d 709 (1988); *Blakemore* v. *State,* 25 Ark. App. 335, 758 S.W.2d 425 (1988).

412

for appellants.

*Schieffler Law Firm*, by: *Edward H. Schieffler*, for appellee.

OTIS H. TURNER, Justice. Mary B. Fuller, a widowed resident of Phillips County, had one daughter who predeceased her; the deceased daughter left three children. Mrs. Fuller died on September 17, 1988. Thereafter, a handwritten instrument dated July 11, 1986, was admitted to probate as the decedent's holographic will. That instrument left all of her property to Mrs. Lucy Mangum and did not mention the decedent's three grandchildren. The grandchildren filed a timely petition seeking a determination of heirship. They were determined by the probate court to be pretermitted heirs entitled to their respective shares in the corpus of the estate pursuant to Ark. Code Ann. § 28-39-407(b) (1987).

Mrs. Mangum, who was named the personal representative of the estate, then discovered in the decedent's bank lock box a typewritten and duly executed will of the decedent dated June 7, 1978. This document specifically disinherited the three grandchildren and devised all of the decedent's property to her longtime friends, O.V. Burch, Virginia Burch, and Betty Williams. The beneficiaries named in the 1978 will then joined Mrs. Mangum in petitioning the probate court for relief from the previous order admitting the 1986 holographic will to probate.

The probate court held the 1986 handwritten document to be a valid holographic will, thus revoking the 1978 will, and further, held that the grandchildren were pretermitted heirs entitled to inherit the estate from their grandmother. We agree with the probate court and affirm.

The decedent's 1978 will provides:

> I, MARY B. FULLER, of Route 1, Box 126, Poplar Grove, Arkansas, in Phillips County, being of lawful age and of sound and disposing mind, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all prior Wills made by me if there be such:
>
> · 1. I direct that my Executor, hereinafter named, pay all my just debts and funeral expenses as promptly as possible after my death.

2. I hereby state that I am a widow and have no living children but do have grandchildren who are the children of my deceased daughter. To my said grandchildren I give and bequeath nothing from my estate knowing full well they are able to care for themselves.

3. To my dear friends of many years, O.V. BURCH and VIRGINIA BURCH, his wife, of Jonesboro, Arkansas, and BETTY W. WILLIAMS of Memphis, Tennessee (who is a sister-in-law to O.V. Burch), I give, devise and bequeath all of my estate of every kind and character and wheresoever situated.

4. I hereby nominate and appoint O.V. BURCH to be the Executor of my estate and direct that he be permitted to serve as such without bond or with the minimum bond which the Court may require.

IN WITNESS WHEREOF, I have hereunto set my hand and seal on this 7th day of June 1978, in the presence of ALTA ROBERTS and PATSY ABLES, to whom I have declared this to be my Last Will and Testament and who, in my presence and at my request, have set their hands as attesting witnesses.

/s/ *Mary B. Fuller* (Seal)

The 1986 writing of the decedent that was found to be a valid holographic will contains the following language:

Prior to any other Will this above date 7/11/1986, takes Precedent over any other Will or any other dates. This is my last will and testamony (sic).

I leave every thing in my name and all my personal property to Mrs. Walker Mangum (Lucy) . . . .

In objection to the petition relating to the 1978 will, the grandchildren contended that the 1986 holographic will revoked the 1978 will, in toto. The trial court treated the objection as a motion for summary judgment, and held that the 1986 will was a valid holographic will revoking the 1978 will. The court refused to consider the later writing to be a codicil to the earlier will.

The single issue raised for reversal is the contention that the trial court erred in applying the "four-corners rule" to decide the

issue of partial revocation as opposed to complete revocation and in granting summary judgment despite the existence of a genuine issue of material fact.

We have consistently held in a long line of cases that there is no reason to look beyond the instrument to determine the "intent" of the testator in the case of a subsequent will, which, by its terms, is clear and unambiguous in its revocation of all earlier wills and meets the testamentary requirements of our statutes. *See Armstrong* v. *Butler*, 262 Ark. 31, 553 S.W.2d 453 (1977), and the cases cited. In *Heirs of Mills* v. *Wylie*, 250 Ark. 703, 466 S.W.2d 937 (1971), the probate court permitted the introduction of extrinsic evidence to determine the intent of the testator; there we reversed, holding that, in the absence of ambiguity, the testator's intent is that expressed by the language of the instrument.

Here, in a well-reasoned decision, the probate court found:

> [It is my opinion] that the words in the 1986 holographic instrument are unambiguous; that the meaning is clear; and that the words revoke the prior 1978 typewritten will of Mary B. Fuller. Black's Law Dictionary defines "Precedence" as an act or state of going before; adjustment of place. The right of being first placed in a certain order. Mary B. Fuller used the words, "other Will" twice. This also indicates, from the four corners of the will, her intent to consider the 1986 instrument as a will which revoked the 1978 will.

We review probate matters do novo on appeal but will not reverse the findings of the probate judge unless they are clearly erroneous. *Rose* v. *Dunn*, 284 Ark. 42, 679 S.W.2d 180 (1984). Further, in an appeal from the granting of summary judgment, all of the facts and circumstances are viewed in a light most favorable to the party against whom the motion is directed. *Witt* v. *Rosen*, 298 Ark. 187, 765 S.W.2d 956 (1989). Applying the established standard for review, we agree with the probate court that the 1986 holographic will is clear in its provision that it "takes precedent over any other Will." The grandchildren were not mentioned and no extrinsic evidence is admissible to show that the testator intended to disinherit a pretermitted child. *Hare*

v. *First Security Bank*, 261 Ark. 79, 546 S.W.2d 427 (1977). We therefore affirm the order of the probate court.

Affirmed.