Sean ALEXANDER, by and through his Court-Appointed
Guardian and Parent Charmaine Alexander *v.*
The ESTATE OF Ray Edward ALEXANDER, *Deceased*

02-847 93 S.W.3d 688

Supreme Court of Arkansas
Opinion delivered December 19, 2002

*Wood, Smith, Schnipper & Clay*, by: *John T. Vines* and *Philip M. Clay*, for appellant.

*Steven B. Davis*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The sole issue on appeal is whether Sean Alexander is a pretermitted child under the will of his late grandfather, Ray Edward Alexander, pursuant to Ark. Code. Ann. § 28-39-407(b) (1987). The facts in this case are undisputed. Sean is the issue of the testator's deceased son, James Edward Alexander. The will did not specifically mention or provide for Sean. Nonetheless, the circuit court held that a reference in a rule-against-perpetuities clause to "the last survivor of my issue on the date of my death" was sufficient mention of Sean as a member of a class to remove him from the status of a

pretermitted child under section 28-39-407(b). We disagree and reverse and remand.

Ray Edward Alexander executed his last will and testament on June 19, 1997. He died on September 12, 2000. At the time of his death, Ray had no surviving spouse but left as his heirs-at-law two children, Charles Frederick Alexander and Judy Rae Currie, and one grandchild, Sean Alexander, the child of a deceased son, James Edward Alexander. Appellee Charles Frederick Alexander, who was named as executor in his father's will, promptly filed a petition for probate of the will. The will was duly admitted to probate on September 19, 2000, and Charles was appointed executor of the estate. The court's order also listed Sean as an heir.

The decedent's will left the entire estate to Charles, but if he did not survive, the estate would devolve to his issue *per stirpes*. If none of these survived, the will provided that the estate would then vest in Judy Rae Currie; but, if she failed to survive, her issue would inherit the estate *per stirpes*.[1] A specific provision of the will mentioned Ray's former spouse and excluded her as a beneficiary. However, the will did not specifically mention either James Edward Alexander, Ray's other child who was deceased at the time of the will's execution, or Sean Alexander, James's son and Ray's grandson.

On June 4, 2001, Appellant Charmaine Alexander, as guardian of Sean Alexander, petitioned the probate court for a determination of Sean's heirship as a pretermitted child pursuant to Ark. Code Ann. § 28-39-407(b). In his reply to the petition, Charles denied Sean's status as a pretermitted child. Both parties then filed motions for summary judgment on the matter. Charmaine asserted that the decedent's last will and testament made no mention of either James or Sean. In contending to the contrary, Charles argued that Sean was sufficiently mentioned by class in the will.

---

[1] A provision for the incorporation of any directions delivered to the executor regarding the division of tangible personal property, pursuant to Ark. Code Ann. § 28-25-107 (1987), is not at issue.

The probate division of circuit court[2] entered a detailed order on March 25, 2002, finding that the record showed there was no genuine issue as to any material fact and that Sean Alexander was not a pretermitted child. In its order, the court held the following language in the will to be dispositive:

> Notwithstanding anything herein to the contrary, any gift, devise or bequest hereunder shall vest not later than (21) years after the death of the last survivor of my issue living on the date of my death.

The lower court ruled that "the mention of [Sean] as a part of the class of lawful issue living at the date of the testator['s death] is sufficient under the law to avoid pretermitted status." Charmaine then moved for the court to amend its findings pursuant to Ark. R. Civ. P. 52, or in the alternative, to order a new trial pursuant to Ark. R. Civ. P. 59. Her motions were denied, and Charmaine now appeals from the circuit court's summary judgment ruling on Sean's status as a pretermitted child.

■ ■ Probate cases are reviewed *de novo* on appeal. *Witt v. Rosen*, 298 Ark. 187, 765 S.W.2d 956 (1989). Also, in an appeal from the granting of summary judgment, all of.the facts and circumstances are viewed in a light most favorable to the party against whom the motion is directed. *Mangum v. Fuller*, 303 Ark. 411, 797 S.W.2d 452 (1990). In this case, all of the material facts have been stipulated by the parties. Thus, there only remains the question of whether the moving party here is entitled to judgment as a matter of law. *Wallace v. Broyles*, 322 Ark 189, 961 S.W.2d 712 (1998).

Charmaine's primary contention is that because neither Sean nor his deceased father was mentioned in the will, Sean is a pretermitted child as contemplated by Ark. Code. Ann. § 28-39-407(b) (1987). The crux of her appeal is that the language cited by the circuit court is technical, and not sufficient to mention Sean for purposes of section 28-39-407(b). Charles, on the other

---

[2] By virtue of Amendment 80 to the Arkansas Constitution, which became effective on July 1, 2001, our state courts are no longer "probate courts" and "circuit courts". These courts have merged and now carry the designation of "circuit court."

hand, argues that the mention of Sean as a member of a one-person class was sufficient under the statute to avoid pretermitted status. Charles adds that the circuit court's order should be affirmed because it carries out the clearly expressed intention of the testator.

The law in Arkansas as to pretermitted heirs is well-established. The statute reads as follows:

> PRETERMITTED CHILDREN. If, at the time of the execution of a will, there is a living child or issue of a deceased child of the testator, whom the testator shall omit to mention or provide for, either specifically or as a member of a class, the testator shall be deemed to have died intestate with respect to the child or issue. The child or issue shall be entitled to recover from the devisees in proportion to the amounts of their respective shares, that portion of the estate which he or they would have inherited had there been no will.

Ark. Code Ann. § 28-39-407(b). The pretermitted-child statute applies to both omitted children of the testator and omitted issue of a deceased child of the testator. *Mangum v. Fuller*, 303 Ark. 411, 797 S.W.2d 452 (1990); *Holland v. Willis*, 293 Ark. 518, 739 S.W.2d 529 (1987). Extrinsic evidence is not admissible to show that a testator intended to disinherit a pretermitted child. *Mangum v. Fuller, supra; Holland v. Willis, supra.* The purpose of the pretermitted-child statute is to avoid the inadvertent or unintentional omission of children or issue of deceased children unless an intent to disinherit is expressed in the will. *Holland v. Willis, supra; Robinson v. Mays*, 271 Ark. 818, 610 S.W.2d 885 (1981). In Arkansas, there is a strong presumption against disherison. *Robinson v. Mays, supra.* When a will fails to mention a child or the issue of a deceased child, that omission operates in favor of the pretermitted child without regard to the real intention of the testator. *Armstrong v. Butler*, 262 Ark. 31, 553 S.W.2d 453 (1977). Furthermore, this court has stated that the object of the statute is "to prevent injustice to a child or descendant from occurring by reason of the forgetfulness of a testator who might, at the time of making his will, overlook the fact that he had such child or descendant." *Petty v. Chaney*, 281 Ark. 72, 73 661 S.W.2d 373,

374 (1983) (quoting *Culp v. Culp*, 206 Ark. 875, 178 S.W.2d 52 (1944)).

 As a general rule, the testator's mention of children, or issue of predeceased children, as a class is sufficient to preclude the application of the pretermitted-child statute. Ark. Code Ann. § 28-39-407(b); *Cisco v. Cisco*, 288 Ark. 552, 707 S.W.2d 769 (1986). In *Dykes v. Dykes* 294 Ark. 158, 741 S.W.2d 256 (1986), this court held that the testator clearly mentioned his children by class by stating in his will that, "[m]y children know that my wife and I love them dearly." *Id.* at 159, 741 S.W.2d at 256. However, words used in a technical, legal sense are not sufficient to avoid the pretermitted status of a child or issue of a predeceased child. *Robinson v. Mays*, 271 Ark. 818, 610 S.W.2d 885 (1981).

In *Robinson v. Mays*, 271 Ark. 818, 610 S.W.2d 885 (1981), the will made no mention of the decedent's children by a first marriage; it left the entire estate to the child of a second marriage, but if that child failed to survive, then the estate would go to her husband and their two sons in equal parts. If none of these survived, paragraph 4(c) of the will provided that the estate would "devolve to those persons who would be entitled to share in the distribution of the estate in accordance with the laws of descent and distribution of the State of Missouri." 271 Ark. at 820, 610 S.W.2d at 886. This court held that the quoted language was technical and not sufficient to overcome Arkansas's strong presumption against disherison. 271 Ark. 818, 610 S.W.2d 885. In so holding, we reiterated that the purpose of the pretermitted-child statute is not to interfere with the testator's right to dispose of property, but to avoid the inadvertent or unintentional omission of a child unless the will expresses an intent to disinherit. *Id.* We also declined to further extend the reasoning of our decisions in *Taylor v. Cammack* 209 Ark. 983, 193 S.W.2d 323 (1946), and *Powell v. Hayes*, 176 Ark. 660, 3 S.W.2d 974 (1928), where we held that each testator contemplated his children by use of the term "heirs" in the will. *Robinson v. Mays, supra.*

In contrast, where the complaining child conceded that she was entitled to assistance from a trust created by the will, we held that the provision directing the trustee to distribute income and

principal to "my wife and my descendants" was sufficient language to avoid pretermitted status. *Petty v. Chaney*, 281 Ark. 72, 73, 661 S.W.2d 373, 374 (1983). Based upon the precedent established in *Taylor* and *Powell*, this court subsequently held in *Young v. Young*, 288 Ark. 199, 200, 703 S.W.2d 457, 458 (1986), that language in the will stating, "I am mindful of the fact that I have willingly and intentionally omitted to provide for all my heirs or other relatives not specifically mentioned herein" was sufficient to mention the testator's children. Likewise, in *Leatherwood v. Meisch*, 297 Ark. 91, 759 S.W.2d 559 (1988), we held that the word "heirs" was sufficient where used by the testator in a "colloquial" sense to refer to children, or descendants.

The testator's will in this case uses the term "issue" in three separate provisions. The term first appears in Item IV where it refers to the issue of (a) the son Charles Frederick Alexander and (b) the daughter Judy Rae Currie. Clearly, this reference does not include Sean, the issue of the deceased son, James Edward Alexander. Item X of the will also uses the term "issue" and states:

> For purpose of this will, "children" means the lawful blood descendant of the first degree of ancestor designated, provided, however, that if a person has been adopted, that person shall be considered a child of such adopting parent and such adopted child and his issue shall be considered as issue of the adopting parent or parents and of anyone who is by blood or adoption an ancestor of the adopting parent or either of the adopting parents. "Issue" means that lawful blood descendant of any greater degree of the ancestor designated; provided, however, that if a person has been adopted, that person shall be considered issue of such adopting parent and such adopted child and his issue shall be considered as issue of the adopting parent or parents and of anyone who is by blood or adoption an ancestor of the adopting parent or either of the adopting parents. The terms "child", "children" and "issue" , or those terms preceded or followed by the terms "surviving," "living" or "then living" shall include the lawful blood descendants in the first degree of the parent designated even though such descendant is born after the death of such parent.

■ Sean is the issue of the testator's predeceased child. Nonetheless, as the circuit court correctly concluded, this provision does not sufficiently mention Sean for purposes of Ark. Code Ann. § 28-39-407(b). Clearly, the language in Item X is used to define terms in the will and as a general reference to undesignated persons. *See Petty v. Chaney, supra.*

■ The third and final provision in the will that mentions the term "issue" is Item VIII, which states:

> Notwithstanding anything herein to the contrary, any gift, devise of bequest hereunder shall vest not later than twenty-one (21) years after the death of the last survivor of my issue living on the date of my death.

The inclusion of this provision in the will was an obvious effort to avoid application of the rule against perpetuities. Similar to Item X, Item VIII uses a general reference to undesignated persons and does not show that the testator had his grandson in mind. *See Petty v. Chaney, supra.* As such, we hold that it is technical language and insufficient to overcome Arkansas's strong presumption against disherison. *See Robinson v. Mays, supra.*

This language clearly fits our description of technical language as "terminology of the technician, the cant of the legal profession . . . ." *Leatherwood v. Meisch,* 297 Ark. at 94, 759 S.W.2d at 561 (1988). As in *Robinson v. Mays, supra,* we are unable to say that Sean Alexander, the issue of a predeceased child, was contemplated by the insertion of a rule-against-perpetuities clause in the testator's will; that is, we cannot with confidence arrive at the conclusion that Ray Edward Alexander had his grandson so clearly in mind as to have met the requirements of the statute. *See Robinson v. Mays, supra.* Additionally, as we stated in *Armstrong v. Butler, supra.,* our statute "operates in favor of the pretermitted child without regard to the real intention of the testator in regard to the omission." 262 Ark. at 39, 553 S.W.2d at 459.

Reversed and remanded.